The State v. Clum.

THE STATE v. CLUM, *Appellant.*

1. **Criminal Law**: THREATS: EVIDENCE. On a trial for murder, evidence of threats made by deceased against the defendant and known to the latter is not admissible in his behalf, when he does not rely upon the plea of self-defence.

2. ———: EVIDENCE. On a trial for murder, evidence that deceased had in her possession articles said to have belonged to defendant's deceased wife is not admissible in defendant's behalf; nor is evidence, that the death of the person said to be defendant's wife was caused by medicine administered by deceased and another, admissible for defendant.

*Appeal from Barry Circuit Court.*—HON. JAMES R. VAUGHAN, Judge.

AFFIRMED.

The appellant was indicted for and convicted of mur-

der in the first degree for the killing of Ella Bowe on the eighth day of July, 1886. The evidence on the part of the state showed that in July, 1886, appellant was staying at the house of J. J. White, a farmer, in Barry county. Mrs. Vassar, White's housekeeper, her fourteen year old son, and Ella Bowe, the deceased, about seventeen years of age, were also staying at White's house. Willis DeHoney, a negro, and his wife lived in a house on White's farm, DeHoney being employed by White as a farm hand. On the day of the homicide, the negro and the boy were at work in the field. White and the deceased, Ella Bowe, came out to the field late in the afternoon. White spoke with the boy and then went with deceased and sat under a tree on the edge of the field. About sundown appellant came to the field with White's double barrelled shot gun. He assisted the negro to load some wheat straw and then proceeded to where White and the girl were seated and, when within three or four steps of them and behind them, fired upon and killed them both, firing four shots. He then compelled the negro to drive his wagon to the scene of the killing and covered the bodies with the straw, and in the evening forced the negro to aid him in removing and burying them near a ditch. The next morning, appellant told the housekeeper that he had taken White and the girl to the train the night before, and that they had gone to Springfield to get married. He burned the straw that had covered the bodies and threatened the negro and the boy, if they should ever tell. He kept the negro under his watch for several days; but on the twentieth of July the negro escaped and related the facts of the killing to an officer at Pierce City. Appellant was arrested and an examination of the ground confirmed the negro's statements in every material particular and they were corroborated by the testimony of the boy. Appellant offered no evidence of any extenuating circumstances.

*S. R. Bridges* for appellant filed no brief.

*B. G. Boone*, Attorney General, for the state.

(1) The indictment properly charges murder in the first degree, and is in the form approved by this court. *State v. Henson*, 81 Mo. 384, and cases cited. (2) It is too late after verdict to raise the objection that the indictment was not furnished defendant at least forty-eight hours before the trial, as required by Revised Statutes, section 1847. *State v. Lisle*, 6 Mo. 428 ; *State v. Green*, 66 Mo. 644 ; *State v. Jackson*, 12 La. An. 680. Besides, the record shows that defendant was served with a copy of the indictment at least forty-eight hours before the trial. (3) The instructions fairly and fully present the law applicable to the case under the evidence.

SHERWOOD, J.—The defendant was indicted for the murder of Ella Bowe, by shooting her with a shot gun. The evidence adduced at the trial, a *résumé* of which will accompany this opinion, shows in the clearest possible light a most atrocious and brutal murder of two persons at the same time, without a single palliating circumstance attendant on the commission of the crime, and the trial resulted in a verdict of murder in the first degree and sentence accordingly.

The indictment is in the usual form. The instructions are such as have frequently received the approval of this court, and no objection was urged against them in the motion for a new trial. The only points in that motion were two : (1) That illegal testimony was admitted on the part of the state. (2) That competent and legal testimony offered by the defendant was excluded. It will be seen by an inspection of the testimony offered by the prosecution that it was in every respect competent, and pertinent to the charge contained in the indictment, and

besides there were no exceptions saved to the introduction of such testimony.

In relation to the second ground for new trial: Testimony of threats alleged to have been made by Ella Bowe and by J. J. White, to the effect that they would make away with or secretly take the life of the defendant, was very properly excluded. Threats alone, unaccompanied by any overt act or outward demonstration, will not justify any one in hostile acts towards those making the threats; the danger must be immediate. 1 Bishop Crim. Law [5 Ed.] sec. 843; 1 Bishop Crim. Proc., sec. 619. And if a person thus threatened, with no excuse in the way of self-defence, because of outward demonstration being made against him, kills the threatener, the slayer will not be allowed to lay before the jury before whom he is tried for the homicide, the known threats on which he bases his unlawful action. 1 Bishop Crim. Proc., sec. 620; *State v. Alexander*, 66 Mo. 148; *State v. Taylor*, 64 Mo. 358. If evidence of mere threats would not be admissible where self-defence is attempted to be established, then *a fortiori* such evidence should be rejected where the homicide is the result of covert assassination, as in the present instance. And the like line of remark applies to evidence offered on behalf of the defendant, to the effect that Ella Bowe had in her possession articles which had formerly belonged to Mrs. White or Mrs. Clum, deceased, said to have been the wife of the defendant. Equally impertinent and inadmissible also, was testimony which was offered on behalf of the defendant that the death of Clum's wife was occasioned by medicine administered by Ella Bowe and J. J. White. In short, none of the testimony on behalf of the defendant had the slightest tendency to exculpate the defendant or to abate, by one jot or one tittle, the enormity of his guilt.

The conclusion that we have reached from an ex-

amination of the evidence and the instructions is, that the defendant has been fairly tried, and that the law must take its course. All concur.